IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
|---|---|---|
| v. | : | |
| RASAN TOWNSEND | : | NO. 05-51 |

MEMORANDUM

McLaughlin, J.                                              December 10, 2010

    Rasan Townsend was convicted by a jury on July 27, 2005, of possession of a firearm after having been convicted of a crime punishable by imprisonment for more than one year in violation of 18 U.S.C. § 922 (g)(1) and 924 (e). He was sentenced on July 4, 2006, to 235 months of imprisonment (180 months was a statutory mandatory sentence), five years supervised release, a fine of $1,500 and $100 special assessment. Mr. Townsend appealed to the United States Court of Appeals for the Third Circuit. The Court of Appeals affirmed his conviction and the United States Supreme Court denied certiorari.

    Mr. Townsend has filed a pro se Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. He claims that his trial counsel was ineffective for failing to investigate and call a witness Mr. Townsend contends was material to his defense, and for failing to cross-examine effectively key government witnesses.

I.   The Evidence at Trial

On September 26, 2004, during the midnight to 8 a.m. shift, Philadelphia Police Officers Davis and Blackwell were working together in plainclothes in an unmarked police car. At approximately 1:12 a.m., the officers were traveling north on 65th Street when they heard gunshots coming from the area of Greenway Avenue. The officers saw Mr. Townsend running from the corner of 65th Street and Greenway Avenue with a gun in his right hand. They pulled up next to him and identified themselves. Mr. Townsend continued to run across 65th Street with the gun in his hand. With the officers in pursuit, he then ran toward the 6400 block of Upland Street, threw the gun into an alley between 65th and Simpson Streets, and continued to run. Mr. Townsend turned and ran south on 65th Street. Officer Blackwell caught him in the rear of 2000 65th Street.

The officers recovered Mr. Townsend's abandoned gun from the alley. It was a Glock 9mm black pistol, serial number DCP022, loaded with one round in the chamber and one round in the magazine. The officers returned to 65th Street and Greenway Avenue where they saw and recovered 9mm cartridge casings on the ground outside 6501 Greenway Avenue. Testing revealed that these casings were fired from the gun abandoned by Mr. Townsend and recovered by the police. The gun was test-fired and found to be operable. The firearm was made in Austria and imported into this

country by Glock, Inc., to Smyrna, Georgia.  At the time of his
arrest, Mr. Townsend had been previously convicted of a crime
punishable by imprisonment for a term exceeding one year.

II. Discussion

Whether or not counsel will be considered "ineffective"
for habeas purposes is governed by the two-part test articulated
by the Supreme Court in Strickland v. Washington, 466 U.S. 668
(1984).  Under Strickland, the defendant must prove that (1)
counsel's representation fell below an objective standard of
reasonableness; and (2) that there is a reasonable probability
that, but for counsel's error, the result would have been
different.  Id. at 687-96; see also United States v. Nino, 878
F.2d 101 (3d Cir. 1989).

In evaluating the first prong, a Court must be "highly
deferential" to counsel's decision and there is a "strong
presumption" that counsel's performance was reasonable.  United
States v. Kauffman, 109 F.3d 186 (3d Cir. 1997)(citing
Strickland).  Counsel must have wide latitude in making tactical
decisions.  Strickland, 466 U.S. at 689.  The defendant must
overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy.
United States v. Gray, 878 F.2d 702 (3d Cir. 1989).

The conduct of counsel should be evaluated on the facts of the particular case, viewed as of the time of the conduct. <u>Strickland</u>, 466 U.S. at 690.  The Third Circuit, quoting <u>Strickland</u>, has cautioned that: the range of reasonable professional judgments is wide and courts must take care to avoid illegitimate second-guessing of counsel's strategic decisions from the superior vantage point of hindsight.  <u>Gray,</u> 878 F.2d at 711.

For the second prong, the courts have defined a "reasonable probability" as one which is sufficient to undermine confidence in the outcome.  <u>Strickland</u>, 466 U.S. at 694.  Put another way, whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.  The effect of counsel's inadequate performance must be evaluated in light of the totality of the evidence at trial.

The defendant's showing that there was a reasonable probability that the verdict would have been different cannot be based on mere speculation about what a potential witness would have said. In the usual case, the defendant should present the testimony of the potential witness so that the Court can determine what information and testimony would have been revealed had the witness testified.  <u>Id.</u>  The Court must then decide whether this evidence, when considered along with the rest of the

4

evidence, would have led a conscientious and impartial jury to have a reasonable doubt about the defendant's guilt.  Id.

The petitioner advances two bases in support of a contention that his trial counsel was ineffective: (1) trial counsel failed to investigate and call a witness, Jermaine Lee, who would have said that the defendant did not have the firearm at issue that night, that another unnamed person possessed it; and (2) trial counsel failed effectively to impeach key government witnesses for failure to process evidence for latent fingerprints or gunpowder residue, and failed to impeach them for bias.

With respect to the first claim -- failure to call a witness -- the Court finds that the defendant's failure to establish that there is a reasonable probability that the result would have been different had counsel called Jermaine Lee as a witness renders consideration of the quality of counsel's performance unnecessary.

Mr. Townsend relies upon the testimony of Jermaine Lee at the preliminary hearing in state court, before the case was adopted by the United States Attorney's Office, as evidence of what Mr. Lee would have said at the federal trial.

At the state court level, where the district attorney brought several charges against petitioner, including aggravated assault, simple assault, reckless endangerment of another person,

5

possession of instruments of crime, and illegal possession of a firearm, and named Jermaine Lee as the complainant, Mr. Lee testified that he could not remember that anything ever occurred during the night of September 26, 2004.

> Q: Did you come into contact with anybody you see present in the courtroom today?
>
> A: No, ma'am.
>
> Q: Okay. And, and, and . . .
>
> The Court: What happened to you on that day?
>
> Q: And at that time.
>
> A: (Witness nods head)
>
> THE COURT: You never came into contact with anyone that you see in the courtroom today; is that correct?
>
> A: Yes.
>
> THE COURT: Okay. Thank you.
>
> Q: Okay. And . . .
>
> THE COURT: Are you going to have something else?
>
> A: And what . . .
>
> THE COURT: What, if anything, happened to you that day sir?
>
> A: Nothing that I can recall.
>
> THE COURT: "Nothing that I can recall?"
>
> A: Nothing that I can recall.
>
> THE COURT: Nothing at all?
>
> A: No.

>           THE COURT:      Okay.  And, I guess that would be
>                           about it.  Okay.  Nobody shot at
>                           you sir?
>
>           Q:    No, ma'am.
>
>           THE COURT:      Okay.  Thank you.  You just don't
>                           remember or -- or you -- you are
>                           invoking the 5th Amendment, or
>                           something?  Where are we going,
>                           D.A.?

The only conclusion from Mr. Lee's state court testimony is that he would have failed to inculpate the defendant in the assaultive crimes but could not have exonerated him from the gun possession charge when two police officers at the scene testified that they observed the petitioner with the gun.  If Mr. Lee had tried to testify other than he had at the preliminary hearing, he would not have been credible.  The defendant has not shown prejudice from the failure to call Mr. Lee.

With respect to the petitioner's second claim -- that trial counsel failed to impeach government witnesses -- the record does not support the factual allegations.

The record establishes that trial counsel attacked both Officers Davis and Blackwell for bias, contending through cross-examination, that due to an internal affairs complaint Mr. Townsend had filed against them years earlier in an unrelated matter, they were out to get him.  Tr. of Trial on July 25, 2005, at  61-65, 80-81.

Similarly, as to the issue of potential forensic tests the police department could have conducted, but did not, forensic analyses were addressed during the trial. The government called Detective Matthew Farley who testified that he made the decision not to order the firearm to be fingerprinted because the gun was observed in the hand of the suspect who was arrested and charged with it's possession. Trial counsel capably sought to undermine that testimony by asking whether the detective had actually seen Mr. Townsend with the firearm. Officer Farley was compelled to answer in the negative.

As for the absence of tests for gunpowder residue on the petitioner's hands or clothing, pursuing a strategy to exploit that lack of evidence would have highlighted the fact of shots fired, spent cartridges recovered, and the petitioner's potential involvement in a shooting. Experienced counsel recognized that discharging the firearm was not an element of the offense of felon in possession and could only serve to prejudice the defendant by portraying him as a shooter.

The Court, therefore, will deny the petition without an evidentiary hearing. Where the record affirmatively indicates that a claim for relief is without merit, this Court may refuse to hold a hearing. See, e.g., Page v. United States, 462 F.2d 932, 933 (3d Cir. 1972). Moreover, this Court may draw upon its personal knowledge and recollection of events relating to the

8

defendant's claim.  <u>Government of Virgin Islands v. Nicholas</u>, 759 F.2d 1073, 1077 (3d Cir. 1985).

Rule 4(b) of the Rules Governing Section 2255 proceedings requires a judge to order the summary dismissal of a Section 2255 petition "[i]f it plainly appears from the face of the motion and any annexed exhibits and prior proceedings in the case that the movant is not entitled to relief."  That standard is met here.

Finally, when a district court rules on a motion made under 28 U.S.C. § 2255, an appeal of that decision will be considered by the Court of Appeals only if the applicant makes a substantial showing of a denial of a constitutional right.  Mr. Townsend is unable to make such a showing and, therefore, a certificate of appealability should not issue.

An appropriate Order will issue separately.