# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| RASAN TOWNSEND | : | No. 05-51 |

## MEMORANDUM

PRATTER, J.                                                                                                                        JANUARY 7, 2021

Rasan Townsend seeks compassionate release from imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Government opposes Mr. Townsend's motion because he has failed to exhaust his administrative remedies. For the following reasons, the Court denies the motion.

### BACKGROUND

In 2005, Mr. Townsend was indicted with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). He proceeded to trial, where he was convicted and sentenced to a within-guidelines range of 235 months. The sentence was based on Mr. Townsend's extensive criminal history at the time, including five prior adult convictions for drug trafficking, and convictions for terroristic threats, simple assault, and carrying firearms without a license. So, Mr. Townsend qualified as an armed career criminal under 18 U.S.C. § 924(e).

Mr. Townsend is currently serving his sentence at FCI Fort Dix. He has served approximately 187 months and has earned nearly 27 months credit for good conduct. His earliest release date is in February 2022.

### LEGAL STANDARD

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization." *McMillan v. United States*, 257 F. App'x 477, 479 (3d

1

Cir. 2007). However, a defendant can move to reduce his or her term of imprisonment under 18 U.S.C. § 3582(c)(1)(A). In order to do so, the defendant must first request that the BOP file a motion on his or her behalf,[1] which can only occur after he or she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

Mr. Townsend filed his motion for compassionate release on December 16, 2020 based on his risk of contracting COVID-19 while incarcerated. He cites no underlying medical conditions placing him at an increased risk should he contract the disease. Rather, he criticizes Fort Dix's handling of the pandemic and believes that he has been exposed to the virus and is now symptomatic.

The Court cannot assess the substantive merits of Mr. Townsend's motion because, based on the record before the Court, he has failed to exhaust his administrative remedies under 18 U.S.C. § 3582(c)(1)(A). The Third Circuit Court of Appeals has "conclude[d] that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance" in light of "BOP's shared desire for a safe and healthy prison environment." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). A defendant's failure to satisfy the statutory exhaustion requirement "presents a glaring roadblock foreclosing compassionate release at this point." *Id.*

Mr. Townsend has not established that he made a request to the facility's warden for compassionate release. It is his burden to make this showing. *United States v. Hubbard*, 2020

---

[1] "The recently enacted First Step Act allows 'incarcerated defendants to seek compassionate release from a court on their own motion, not just through the Bureau of Prisons.'" *United States v. Perri*, No. 15-cr-486, 2020 WL 6324384, at *2 (E.D. Pa. Oct. 28, 2020) (quoting *United States v. Mark*, No. 10-cr-742-1, 2020 WL 5801495, *1 (E.D. Pa. Sept. 29, 2020)).

WL 6828476, at *2 (E.D. Pa. Nov. 20, 2020). Mr. Townsend states in his motion that he made a request to the facility's warden but does not state when or how such request was made. Moreover, the Government represents that Fort Dix has no record of Mr. Townsend's request to the warden.

Mr. Townsend's request for transfer to home confinement is likewise not sufficient to exhaust his administrative remedies under the Act. Nor is the Court vested with the authority to release inmates into home confinement. *United States v. Pettiway*, No. 08-cr-129, 2020 WL 3469043, at *2 (E.D. Pa. June 25, 2020). Congress has instead authorized the Attorney General and the BOP director with the discretion to place eligible prisoners in home confinement.[2] And the BOP's determination as to home confinement is not subject to judicial review.

Absent any evidence that Mr. Townsend has complied with the express statutory administrative exhaustion requirement, the Court denies his motion at this time.

## CONCLUSION

For the foregoing reasons, the Court denies Mr. Townsend's motion for compassionate release without prejudice to renew after he has properly documented that he exhausted his request for compassionate release with the Bureau of Prisons. An appropriate Order follows.

BY THE COURT:

*/s/ Gene E.K. Pratter*

**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**

---

[2] This authority includes the ability to place an inmate in home confinement during the last six months or the remaining 10% of a sentence, whichever is shorter, 18 U.S.C. § 3624(c)(2), and to move elderly and terminally ill inmates specified in 34 U.S.C. § 60541(g) to home confinement.